## IN THE CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI

**SHERIAN SMITHY**                                                            **PLAINTIFF**

**V.**                                                              CASE NO. CV17 - 101(6)L

**THE KROGER CO., INC.**
**and THOMPSON SQUARE, LLC**

                                                                    **DEFENDANTS**

---

### COMPLAINT
### JURY TRIAL DEMANDED

---

**COMES NOW** the Plaintiff, **Sherian Smithy** by and through counsel, North Mississippi Injury Lawyers, P.A., and files this her *Complaint* against the Defendants, **The Kroger Co., Inc.** and **Thompson Square, LLC** and would show unto the Court the following:

### PARTIES

¶1.     That the Plaintiff, Sherian Smithy is an adult resident citizen of Union County, Mississippi;

¶2.     That the Defendant, **The Kroger Co., Inc.**, (hereafter "Kroger") is a corporation organized and existing in the State of Ohio, and who is registered as doing business in the State of Mississippi, and may be served with process upon its registered agent for process, specifically, Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211;

¶3.     That the Defendant, **Thompson Square, LLC,** (hereinafter "Thompson") is a Limited Liability Company organized and existed in the State of Mississippi, and may be served upon its registered agent for process being Northwest Registered Agent, Inc., 270 Trace Colony Park, Suite B, Ridgeland, Mississippi 39157;

### JURISDICTION

¶4.     That the Plaintiff is a resident of the State of Mississippi;  That the Defendant, Kroger, is a resident of the State of Ohio;  That the Defendant, Thompson, is a resident of the

FILED

TIME _____ /AM/PM

OCT 24 2017

State of Mississippi; Accordingly, there is diversity of citizenship among and between the parties; Further, the amount in controversy of this action exceeds $75,000.00, exclusive of interests and costs; Therefore, this Court has diversity of citizenship jurisdiction pursuant to 28 United States Code § 1332;

## FACTS

¶5.    That on or about the 30th day of December, 2016, Plaintiff arrived on the premises of Kroger, Barnes Crossing location in Tupelo, Lee County, Mississippi, for purposes of transacting business within said Kroger store; Plaintiff was at all times relevant herein a "business invitee" of Kroger within the meaning of statutory and case law;

¶6.    That after purchasing items from Kroger, at approximately 9:30 p.m. Plaintiff proceeded to her vehicle along with Plaintiff's daughter;

¶7.    That the vehicle in which Plaintiff had ridden to Kroger was parked in a space designed for "handicapped parking;"

¶8.    That the area in the general vicinity of the subject parking space was poorly lit, and the asphalt surface of the parking space and areas in the general vicinity is poorly maintained, wherein the surface area is uneven, there have been multiple attempts to "patch" certain areas and otherwise the surface area is in general disrepair;

¶9.    That there were no warning signs to warn the Plaintiff of the risk of hazard of injury due to the poorly lit and poorly maintained conditions of the parking lot area;

¶10.    That after placing several bags of items purchased from Kroger in the vehicle, Plaintiff proceeded to push the shopping cart aware from the vehicle, at which time Plaintiff slipped and fell due to the poorly lit and poorly maintained conditions of the parking lot;

¶11.    That the Plaintiff sustained substantial trauma and medical injuries to her head;

¶12.    That upon information and belief, the parking lot area for the Kroger store at issue is owned by Thompson, and is leased by Kroger or due to some other legal arrangement, Kroger

has permission to use and to allow its customers to use said parking lot area; That both Kroger and Thompson had actual and constructive knowledge that individuals, seeking to patronage Kroger would be using the parking lot area, would often be walking with bags in his or her hands and/or would be pushing a shopping cart while traversing to and from his or her vehicle, and that otherwise, the parking lot area would be frequently used by business invitees of Kroger;

## COUNT I - NEGLIGENCE

¶13.    That the Plaintiff re-adopts and re-alleges all allegations contained in paragraphs 1. through 12. herein above;

¶14.    That the conditions under which Plaintiff slipped and fell, causing substantial medical trauma and injury, constituted unreasonably dangerous conditions on Kroger's premises and/or on Thompson's premises;

¶15.    That the Defendant Kroger and Defendant Thompson knew or should have known of the unreasonably dangerous conditions which singularly or in combination caused Plaintiff to slip and fall and to become injured;

¶16.    That the Defendant Kroger and Defendant Thompson failed to exercise reasonable care by taking such steps as may be necessary to maintain the parking lot area in a reasonably safe manner and/or to warn Plaintiff of any dangerous conditions/peril;

¶17.    That the Defendant Kroger and Defendant Thompson are liable to the Plaintiff for negligence in breaching their duties to maintain the parking lot area in a reasonably safe condition and/or to warn Plaintiff of any dangerous conditions;

## GROSS NEGLIGENCE

¶18.    That the Plaintiff re-adopts and re-alleges all allegations contained in paragraphs 1. through 17. herein above;

¶19.    That upon information and belief, Defendant Kroger and Defendant Thompson have been previously made aware of other individuals whom have slipped and fallen, and

became injured due to the dangerous conditions of the parking lot area as previously complained of herein;

¶20.    That the Defendant Kroger and Defendant Thompson were grossly negligence, and evidenced a willful, wanton and reckless disregard for the safety of Plaintiff and those similarly situated by failing to take those steps necessary to remedy the dangerous conditions and/or to warn Plaintiff of the dangerous condition despite such knowledge of prior incidents of injury;

## DAMAGES

¶21.    That the Plaintiff re-adopts and re-alleges all allegations contained in paragraphs 1. through 20. herein above;

¶22.    That the Plaintiff suffered severe personal injuries caused by the slip and fall on the premises of Kroger and/or Thompson, including but not limited to, substantial trauma to the head which included a intracerebral hemorrhage;

¶23.    That the Plaintiff suffered substantial pain and suffering, as well as mental anguish and emotional distress as a result of the injuries she sustained;

¶24.    That the Defendants are, jointly and severally, liable to the Plaintiff for negligence and/or gross negligence resulting in injury to Plaintiff, for which Plaintiff seeks recovery of the following damages:

    a.     Past and future medical expenses;

    b.     Past and future pain and suffering;

    c.     Past and future mental anguish and emotional distress;

    d.     Loss of enjoyment of life;

    e.     Based upon the prior knowledge of similar incidents by Kroger and Thompson, and their gross negligence in failing to take such steps as may be necessary to remedy the

dangerous condition or in the alternative, to properly warn Plaintiff of the dangerous condition, Plaintiff should be awarded punitive damages as well as attorneys fees; and

**WHEREFORE, PREMISES CONSIDERED** the Plaintiff demands judgment of and from the Defendants, jointly and severally, for all compensatory damages and attorneys fees in an amount to be determined by the jury, but in excess of $75,000.00, together with all costs, interest and attorneys fees; Plaintiff further requests such other specific and general relief to which she may be entitled.

**RESPECTFULLY SUBMITTED** this the 24th day of October, 2017.

NORTH MISSISSIPPI INJURY LAWYERS, P.A.

J. MARK SHELTON, MSB 9818
WILLIAM O. RUTLEDGE, III, MSB
JOE M. DAVIS, MSB
L.N.CHANDLER ROGERS, MSB

Respond Directly To:

J. MARK SHELTON, MSB 9818
Post Office Box 228
Tupelo, Mississippi 38802
Telephone: (662)842-8002
Telecopier: (662)842-7010

TIME

OCT 2 4 2017