UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHERIAN SMITHY                                                                PLAINTIFF

v.                                                            Civil No. 1:17-cv-00205-GHD-DAS

THE KROGER CO., INC, &
THOMPSON SQUARE, LLC                                                        DEFENDANTS

## MEMORANDUM OPINION

Now before this Court is Defendant Thompson Square LLC's Motion for Summary Judgment [26]. Having considered the matter, the Court finds the motion should be granted.

### Background

On December 30, 2016, Plaintiff Sherian Smithy fell while in the parking lot of Defendant Kroger's store in Tupelo, Mississippi. Compl. [2] at ¶ 5. Smithy alleges that after she finished putting groceries in her car, she went to push her shopping cart away from her vehicle. *Id.* at ¶ 10. As she did, she slipped and fell. *Id.* Smithy does not remember the fall itself. Rather, the next thing she could recall was her daughter and another individual standing over her. Sherian Smithy Deposition [26-1] at 33-34. According to Smithy this individual stated that Smithy fell because of the condition of the parking lot. *Id.*

Smithy brought this negligence action against Kroger and Defendant Thompson Square, the owner of the parking lot, in state court. Thompson Square timely removed the case to this Court. Now Thompson Square moves for summary judgment. Smithy has responded, and the matter is ripe for review.

### Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and

1

that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action'." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)).

The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548 (internal quotation marks omitted.); *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v.*

*Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

## Analysis

A plaintiff bringing a negligence claim under Mississippi law "must prove by a preponderance of the evidence that the defendant owed her a duty, the defendant breached that duty, a causal connection between the defendant's conduct and her injuries, and damages." *Dorsey v. Simon Prop. Grp., L.P.*, 378 F. App'x 476, 478 (5th Cir. 2010) (citing *Simpson v. Watson*, 14 So. 3d 86, 88 (Miss. Ct. App. 2009)). A business owner's duty depends on the plaintiff's status as an invitee, licensee, or trespasser. *Leffler v. Sharp*, 891 So. 2d 152, 156–57 (Miss. 2004). "Under Mississippi law, a store owner owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions that are not readily apparent." *Kern v. Wal-Mart Stores, Inc.*, 174 F.3d 198, 1999 WL 153013, at *2 (5th Cir. Feb. 25, 1999) (citing *Fulton v. Robinson Indus., Inc.*, 664 So. 2d 170, 175 (Miss. 1995)). However, "[a] business operator is not an insurer against all injuries." *Id.* (citing *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (summarizing Mississippi law)). "[M]erely proving the occurrence of an accident within the business premises is insufficient to prove liability; rather, the plaintiff must demonstrate that the operator of the business was negligent." *Lindsey*, 16 F.3d at 618 (citing *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966)). "To prove that the operator was negligent, the plaintiff must show either [1] that the operator caused the dangerous condition, or, [2] if the dangerous condition was caused by a third person unconnected with the store operation, that the operator had either actual or constructive knowledge of the dangerous condition." *Id.* (citing *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992); *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 285 (Miss. 1986)).

Thompson Square argues that Smithy cannot show an alleged dangerous condition caused her fall. As evidence, Thompson Square points to her deposition testimony where she states that because she was temporarily knocked out by the fall, she does not remember why she fell:

Q. Do you remember the fall?

A. No.

. . .

Q. Since you don't remember the fall, is it fair to say that you don't remember why you fell?

A. Yes.

Smithy Dep. at 33.

Smithy, in response, argues that she has alleged where she was standing in the parking lot when she fell, and that she has identified specific crack that caused her fall. She provides photos of a crack near her parking spot that she took a week after she fell. Photographs [33-3]. Thus, she argues, while she may not remember the fall itself, she has sufficient evidence such that a jury could find the identified hole caused her fall.

Mississippi law requires that a plaintiff identify the specific dangerous condition which caused his or her fall. Mississippi appellate courts have consistently affirmed grants of summary judgment where a plaintiff could not affirmatively and decisively state the cause of her fall. *See, e.g., Ringo v. Wilson*, 204 So. 3d 827, 829 (Miss. Ct. App. 2016) ("Here, [the plaintiff] failed to state with confidence that she fell due to the crack in the driveway."); *Knight v. Picayune Tire Servs., Inc.*, 78 So. 3d 356, 359 (Miss. Ct. App. 2011) ("By her own testimony, [the plaintiff] has admitted that she cannot identify exactly where she fell in the parking lot or what caused her to 'trip . . . .'"); *Rod v. Home Depot USA, Inc.*, 931 So. 2d 692, 695 (Miss. Ct. App. 2006) ("[The plaintiff] repeatedly stated during her deposition that she could not remember what caused her to

fall. She initially claimed during deposition that a pallet or wood piece may have caused her to slip and/or trip, however, she later admitted, after extensive questioning by counsel for both parties, that she did not know what caused her to fall.")

While Smithy may have identified a specific crack that she believes she fell on, she has not presented sufficient evidence that this crack caused her fall. She did not identify this crack as the cause of her fall at the time she fell but instead discovered it some days later when she went back to the parking lot. The fact that the crack existed and that she was near it when she fell, however, is not evidence that the crack caused her fall. Further, Smithy has failed to offer proof that she was actually walking where the crack was when she fell. During the part of her deposition that took place at the site of the accident, Smithy was unable to identify where she was standing beyond the general area by her parking space, nor could she say where the shopping cart was when she pushed it:

> Q: And do you recall where the shopping cart was when you fell?
>
> A: No. I don't know where the cart—shopping cart was when I pushed it. I just remember turning around and actually trying to push it out of the way and then that's the—that's the last thing I remember
>
> . . .
>
> Q: You fell right there where you're standing?
>
> A: Well, I don't know. I don't know where I fell.
>
> . . .
>
> Q: Okay. So this is your testimony, you're not sure where the basket was or where you were when you fell?
>
> A: I know I was in this area when I fell.
>
> Q: Okay.

> A: But I cannot give you the exact spot. I mean, you know, like right here, I would assume close to this area here. But I had closed the door.

Smithy Depo. at 78–79.

Smithy attempts to further support her position with the statement of an unidentified individual who allegedly worked for Kroger that attended to Smithy immediately after she fell. According to Tammy Adams, Smithy's daughter with whom she was shopping, the individual told Adams that "he bet [Smithy] stepped in a certain location where the pavement was in bad condition." Plaintiff's Reps. to Interrogatories [33-2] at 14-15. That assertion, however, is inadmissible hearsay, and even if it were not, it is speculative. The individual did not state that he saw Smithy step in any particular location, but that he "bet" Smithy stepped where the pavement was in bad condition. Accordingly, it is insufficient to create a genuine issue of material fact.

Because Smithy cannot say with any certainty where she was standing or what caused her fall, she cannot show that a dangerous condition caused her fall and thus her injuries. Accordingly, the Court finds there are no genuine issues of material fact on the issue of what caused Smithy to fall.

Further, even if Smithy could establish that she tripped on this particular crack, she could not establish that the crack itself is a dangerous condition. "Mississippi has long recognized that normally encountered dangers such as curves, sidewalks, and steps are not hazardous conditions. Often such pathways contain cracks and changes in elevation; and, as such, they do not become hazardous conditions simply because they contain minor imperfections or defects." *Jones v. Wal-Mart Stores E., LP*, 187 So. 3d 1100, 1104 (Miss. Ct. App. 2016) (quoting *Knight* 78 So. 3d at 359). Numerous courts in Mississippi, both state and federal, have granted summary judgment where the allegedly dangerous condition was a crack or depression in a sidewalk or parking lot. *See, e.g., id; Parker v. Wal-Mart Stores, Inc.*, 261 F. App'x 724 (5th Cir. 2008) (crack in curb 3.5

inches wide and 2 inches deep); *Chance v. Wal–Mart East, L.P.*, No. 3:14-CV-363-WHB, 2015 WL 4496442 (S.D.Miss. July 23, 2015)(indentation in parking lot 1.75 inches deep) ; *Quick v. Strategic Restaurants Acquisition Co.*, No. 3:12-CV-301-CWR, 2013 WL 1305583 (S.D. Miss. Mar. 28, 2013)("pothole" in parking lot 10 inches around and 1.5 inches deep); *Bond v. City of Long Beach*, 908 So. 2d 879 (Miss. Ct. App. 2005)(variation in sidewalk one inch deep).

"The principle derived from those cases is that such cracks are not dangerous conditions because they are normally encountered by invitees, not because they are of any particular size." *Jones*, 187 So. 3d at 1106 (citing *Knight*, 78 So. 3d at 359). The crack Smithy claims caused her fall is the type an invitee would normally encounter in an asphalt parking lot. *See* Photographs [33-3]. Although there is no scale provided with the photograph, the crack is not so large or deep as to render it unusual. Thus, it is not a dangerous condition under Mississippi law. Accordingly, the Court finds there is no genuine issue of material fact about whether a dangerous condition existed at the time Smithy fell.

## Conclusion

The Court finds that Smithy cannot establish a genuine issue of material fact as to whether a dangerous condition existed or whether it caused her fall. Accordingly, Thompson Square is entitled to judgment on her negligence claims, and its Motion for Summary Judgment will be granted. A separate order shall issue.

This, the 10th day of July 2018.

/s/ L. H. Davidson
SENIOR U.S. DISTRICT JUDGE